**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | |
| Charles J. Manley, | : | |
| | : | |
| _Pro Se_ Plaintiff, | : | |
| | : | Civil Action No. 02-2504 (DRD) |
| v. | : | |
| | : | **OPINION** |
| Joseph Maran, et al. | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

Appearances by:

Charles J. Manley
P.O. Box 6008
Chillicothe, Ohio 45601

      _Pro Se_ Plaintiff

David M. Kupfer, Esq.
Elizabeth H. Rohan
O'Brien, Liotta, Mandel & Kupfer, LLP
Liberty Hall Corporate Center
1085 Morris Avenue
PO Box 3180
Union, NJ 07083-1980

      Attorneys for Defendant/Cross Defendant Joseph Maran, Esq.

Joseph A. Venuti, Jr., Esq.
Swartz Campbell, LLC
1300 Route 73
Bloom Court - Suite 101
Mt. Laurel, NJ 08054

      Attorney for Defendants/Cross Claimants Jerome Taylor, Esq., Marc Antony Arrigo,
      Esq., and Steven Neil White, Esq.

Daniel M. Replogle, III, Esq.
Dubois, Sheehan, Hamilton, & Levin
511 Cooper Street
Camden, NJ 08102

 Attorney for Defendants/Cross Defendants David M. Weissman, Esq. and Michael A.
 Foresta, Esq.

Gerald J. Dugan, Esq.
Dugan, Brinkmann, Maginnis & Pace, Esqs.
33 South Main Street
Mullica Hill, NJ 08062

 Attorney for Defendants/Cross Defendants Gerald J. Dugan, Esq. and Mark Cajetan
 Cavanaugh, Esq.

Elliott Abrutyn, Esq.
Morgan, Melhuish & Abrutyn
651 W. Mt. Pleasant Avenue
Livingston, NJ 07039-1673

 Attorney for Defendant/Cross Defendant Roy K. Lisko, Esq.


**DEBEVOISE, United States Senior District Judge**

 Because the district court record was unclear, this action was remanded by the Court of Appeals to determine whether the district court has subject matter jurisdiction over the legal malpractice claims of *Pro Se* Plaintiff, Charles J. Manley ("Manley"). Defendants argue that Manley, an adult law school student, was domiciled in Virginia at the time he filed his second complaint because he established residence in the state of Virginia with the intent of remaining there indefinitely. They move to have the district court find jurisdiction based on complete diversity of citizenship. Manley argues that the Court lacks jurisdiction because there is no diversity of citizenship because he and certain of the Defendants are citizens of Pennsylvania. Manley asserts that, although he was residing temporarily in the state of Virginia while he was

attending law school, he did not intend to remain there indefinitely, and he intended to return to Pennsylvania, his state of domicile, after law school.  For the reasons cited below, the Court finds that at the time of filing on May 24, 2002, Manley was a citizen of the state of Pennsylvania, and not a citizen of the state of Virginia.  Because certain of the Defendants were also citizens of the state of Pennsylvania, the parties lack diversity of citizenship.  Thus,  the Court lacks subject matter jurisdiction *ab initio.*  Defendants' motion to find subject matter jurisdiction is denied and Manley's action is dismissed against all Defendants.

## BACKGROUND

Manley sought admission to Regent University School of Law in Virginia and submitted an application specifying a Pennsylvania address on March 15, 2002.  On April 12, 2002, Regent notified Manley at his Pennsylvania address that he had been accepted for the Fall 2002 semester and, on May 21, 2002, Manley confirmed that he would attend in the fall.

Also on April 12, 2002, Manley filed a Complaint for legal malpractice and jury demand in the United States District Court for the District of New Jersey against Joe Maran, Esq., Jerome Taylor, Esq., Marc Antony Arrigo, Esq., Steven Neil White, Esq., David M. Weissman, Esq., Michael A. Foresta, Esq., Gerald J. Dugan, Esq., Mark C. Cavanaugh, Esq. and Roy K. Lisko, Esq. (collectively the "Defendants").  Manley had employed the Defendants, and their respective law firms, to represent him in an personal injury suit arising from an automobile accident in Hoboken, New Jersey in 1995.[1]  Defendants were from Pennsylvania and New Jersey. Manley asserted that the District Court of New Jersey had jurisdiction but, because he listed his

---

[1]The automobile personal injury suit was tried on behalf of Mr. Manley and, in April 2000, resulted in a finding of no cause of action.

Pennsylvania address on the Complaint, the District Court of New Jersey, on May 3, 2002, dismissed it for lack of subject matter jurisdiction because the parties lacked complete diversity.

Two weeks later, on May 17, 2002, Manley registered to vote in Virginia and opened an account in a Virginia bank, specifying that his residence/home address was 2129 Holly Berry Lane, Chesapeake, Virginia.  He claims that he needed to take these actions to obtain a post office box in Virginia to receive mail while he was in law school.  However, on May 23, 2002, just one week after opening it, he closed the bank account stating that he was "leaving the area."

The next day, May 24, 2002, Manley re-filed his Complaint and jury demand with the District Court of New Jersey, averring that he "is a resident of Virginia, residing in the city of Chesapeake, with a mailing address at Box 13322, Chesapeake, VA 13325."  He listed the Defendants, the same as those named in the first action, as "citizens" of Florida, New Jersey, and Pennsylvania.  The Court allowed the matter to proceed.

Sometime thereafter, according to his deposition, Manley returned to Pennsylvania for the remainder of May, June, and July.  Sometime around August 1, 2002, he returned to Virginia and, for the first time, moved into the room he rented at the 2129 Holly Berry Lane in Chesapeake.  Manley attended a Regent Law School preparation class from August 5 - 16, 2002, and, thereafter, began the fall academic semester.

On August 30, 2002 Manley obtained a Virginia driver's license, surrendering his Pennsylvania driver's license in the process.  His application for the Virginia driver's license again specified the Holly Berry Lane address.

In the meantime, his May 24, 2002 action was proceeding in the federal court for the District of New Jersey.  On August 1, 2003, the district court held that, because Manley had not

satisfied the New Jersey statutory requirement of filing an affidavit of merit or sworn statement, his claims against Gerald J. Dugan, Mark C. Cavanaugh, David M. Weissman, Michael A. Forresta, and their respective law firms, were dismissed.   Shortly thereafter, the District Court also dismissed Manley's claims against Roy K. Lisko.

On December 3, 2003, Manley moved for reconsideration of the Court's order of dismissal.  In addition, he petitioned for leave to file affidavits of merit *nunc pro tunc*.  The District Court denied Manley's motions on June 25, 2004 and entered final judgment, pursuant to Fed. R. Civ. P. 54(b), in favor of Gerald J. Dugan, Mark C. Cavanaugh, David M. Weissman, Michael A. Foresta, and their respective law firms.  Also, the Court dismissed the claims against Jerome Taylor, Marc Antony Arrigo and Steven Neil White, and their respective law firms, but denied dismissal of the claims against Joe Maran.

Manley appealed the Court's June 25, 2005 orders, but his appeal was dismissed for lack of appellate jurisdiction because the Court of Appeals found that the District Court's Rule 54(b) determinations were not proper.  Specifically, the Court of Appeals held that it was unclear if the District Court had subject matter jurisdiction over Manley's legal malpractice claims.  The Court of Appeals noted that the evidence of domicile in the record, such as Manley's mailing address in Virginia and his phone number with a Pennsylvania area code, was not sufficient to show whether Manley was a citizen or domiciliary of Virginia or Pennsylvania.  Also unclear, according to the Court of Appeals, was whether Manley, an adult student enrolled in a program of law in Virginia, was a student studying outside of his home state of Pennsylvania.

On remand, the district court ordered discovery on the issue of Manley's domicile and that is the issue before this Court now.

5

## DISCUSSION

Upon review the facts before this Court, it becomes clear that, not only was Manley was not a citizen of Virginia at the time he filed the May 24, 2002 action, he was not even a resident of Virginia at the time.  The Court need not address the issue of whether his claim of residency was an innocent mistake or an attempt to deceive the court.  Suffice it to say that this Court lacks subject matter jurisdiction *ab initio.*

The essence of Manley's argument is simply that he did not understand the difference between "citizenship" and "residence" for diversity purposes.  He claims that, at the time he filed his second complaint with the federal court, although he was a resident of Virginia, he was, and continued to be, a citizen of Pennsylvania.  He contends that his move was strictly temporary for the sole purpose of attending law school, and he always intended to return to Pennsylvania and not remain in Virginia.  Thus, he claims he lacked the intent to remain indefinitely in Virginia that is required to effectuate a change in domicile.  On the record, he stated that he remained in Virginia only long enough for him and his wife to graduate from law school, and, thereafter, purchased a home in, and moved back to, Pennsylvania.

Defendants differentiate Manley, an adult law school student who maintained a residence separate from that of his parents after graduating from college ten years earlier, from the average, much younger student who is generally expected to return to his parents' home upon the conclusion of his academic program.  They claim that Manley's lack of future plans, upon commencing, throughout, and beyond law school, satisfies the "indefinite" prong of the domicile test.  In addition, they argue that, because Manley consciously and voluntarily changed his domicile from Pennsylvania to Virginia to establish diversity of citizenship in order to re-file his

action, he should be judicially estopped from averring otherwise now.

     Despite Defendants best arguments to the contrary, the facts show that Manley was a citizen of Pennsylvania at the time he re-filed his complaint.  It is of no consequence here that he may have formed the intent to remain indefinitely in Virginia at some time after he re-filed his complaint because citizenship at the time of filing is the deciding factor.

     The jurisdiction of the federal district court is established by a complaint which alleges diversity of citizenship and the amount in controversy.  See, *e.g.*, Pennsylvania v.Williams, 294 U.S. 176 (1935); 28 U.S.C.A. § 1332.  Diversity of citizenship means that the matter in controversy is between citizens of different states.  28 U.S.C.A. § 1332(a)(1).   The averment of citizenship is essential to the jurisdiction of the court and must show that diversity of citizenship existed at the time the suit was commenced.  See, *e.g.,* Howland v. Bevis, 276 F.2d 906 (5th Cir. 1960); Grupo Dataflex v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004).  Lack of subject matter jurisdiction is a ground for dismissal and may be raised at any time by the parties or by the court *sua sponte*.  Liakakos v. Cigna Corp., 704 F. Supp. 583 (E.D.Pa. 1988).  The district court's "determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact."  Blakemore v. Mo. Pac. R.R. Co., 789 F.2d 616, 618 (8th Cir.1986).

     Citizenship is determined by a person's domicile.  Brown v. Keene, 33 U.S. 112 (1834).  The terms "citizenship" and "domicile" are synonymous for diversity purposes, but "citizenship" and "domicile" are not synonymous with the term "residence."  See, e.g. Steigleder v. McQuesten, 198 U.S. 141 (1905); Robertson v. Cease, 97 U.S. 646 (1878).  It is possible for a person to be a resident in one state and domiciled in another.  Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30 (1980).     A person can have only one domicile at a time.

Williamson v. Osenton, 232 U.S. 619 (1914).  "Domicile" is the person's true, fixed, permanent home, to which the person intends to return, even after an absence.  See, *e.g.,* Liakakos, 704 F. Supp. at 583.  Once established, a domicile is presumed to continue until a new domicile is established.  See, *e.g.*, Anderson v. Watt, 138 U.S. 694 (1891).  Because there is a presumption in favor of a person's established domicile, the party asserting a change in domicile must do so by a preponderance of the evidence.  28 U.S.C.A. 1332(a)(1); Fed. R. Evid. R. 301; McCann v. Newman Irrevocable Trust, 458 F.3d 281 (3d Cir. 2006).  A presumption in favor of the original domicile arises when a person changes his state of residence.  See, *e.g.*, Coggins v. Carpenter, 468 F. Supp. 270, 277 (E.D.Pa 1979).

"Residence" refers to a person's place of habitation or address.  See, *e.g.*, Reckling v. McKinstry, 185 F. 842 (C.C.S.C. 1911); Webb v. Nolan, 361 F. Supp. 418 (M.D.N.C. 1972), *aff'd* 484 F.2d 1049 (4 th Cir. 1973), *cert. denied* 415 U.S. 903 (1974).  Residence is one of two elements of domicile; the other is the intention to stay indefinitely to make the place of residence one's home.  See, *e.g.*, Blue v. Nat'l Fuel Gas Distribution Corp., 465 F. Supp. 715 (W.D. Pa. 1977) (citation omitted).  A complaint that seeks to assert diversity jurisdiction solely on the residence of the parties is subject to dismissal.  Valentin v. Hospital Bella Vista, 254 F.3d 358 (1st Cir. 2001).

Out-of-state students are generally presumed to lack the intention to stay indefinitely that is required to create a new domicile, but that presumption can be overcome.  Shisko v. State Farm Ins Co., 553 F. Supp. 308, 310-311 (E.D.Pa 1982).  Even an out-of-state adult student does not establish a new domicile if he intended to remain there, not for an indefinite period, but only for as long as his studies required.  Holmes v. Sopuch, 639F.2d 431, 434 (8th Cir. 1981).

After examining the facts cited by both Manley and the Defendants, the Court is persuaded that, not only was Manley not domiciled in Virginia in May 2002, he was not even a resident of Virginia at the time he re-filed his action.  It is clear to the Court that Manley averred residency in Virginia in May 2002 exclusively for the purpose of re-filing his action following dismissal of his first action.  This Court will not address the merits of whether this was an innocent mistake by Manley or a deliberate attempt to deceive this court.

On his May 17, 2002 voter registration application, Manley used the address of "2129 Holly Berry Lane, Chesapeake, Virginia."  He claims that he needed to register to vote in Virginia to get a post office box where he "to receive mail for school and for correspondence related to ths action."

The fact is that he was not living at that address on May 24, 2002 when he re-filed his complaint and he clearly says so in his July 15, 2005 deposition.  In fact, he testified that he physically did not move into the Holly Berry Lane address until around August 1, 2002, just prior to starting his pre-law school preparation class.

At the time re-filed, Manley testified that he was actually "staying overnight" with his parents in their recreational vehicle, which was parked in a Virginia parking lot.  Manley claims that, at the time he re-filed his complaint, he mistakenly believed that "staying overnight" in a parking lot in a recreation vehicle satisfied the legal definition of "residency in Virginia," and that residency equated to citizenship for diversity purposes.

After re-filing his action based on this "residency" in Virginia, he testified that he promptly returned to Pennsylvania, where he remained until August 2002 when he physically

9

moved into the Holly Berry Lane address for the first time.  His prompt return to Pennsylvania

for several months belies his claim that he obtained the post office box to receive mail for law

school.  It is apparent, however, that he needed the post office box to claim residency in Virginia

for the purpose of filing his federal court action and to receive mail regarding it because he was

not yet living at the Holly Berry Lane address.

Whether Manley was innocently mistaken about the legal meaning of the term

"residence," or whether he deliberately was attempting to deceive the Court, the fact remains that

he had no legal basis for filing a complaint based on diversity of citizenship because he was a

citizen of Pennsylvania at the time he filed.

## CONCLUSION

Defendant's motion to find jurisdiction is denied and Manley's action is dismissed for

lack of subject matter jurisdiction of this court *ab initio* because certain Defendants were citizens

of Pennsylvania and Manley was a citizen of Pennsylvania, not Virginia, at the time he re-filed

his complaint on May 24, 2002.  At the time he re-filed, he did not have the intention to remain

in Virginia indefinitely and, after re-filing, he promptly returned to Pennsylvania.  An appropriate

order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: March 26, 2007

10