NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                   :
Charles J. Manley,                   :
                                                   :
       *Pro Se* Plaintiff,             :
                                                   :      Civil Action No. 02-2504 (DRD)
v.                                                   :
                                                 :       **OPINION**
Joseph Maran, et al.            :
                                                  :
       Defendants.                 :
_____:

Appearances by:

Charles J. Manley
P.O. Box 154
Reamstown. PA 17567

       *Pro Se* Plaintiff

David M. Kupfer, Esq.
Elizabeth H. Rohan, Esq.
O'Brien, Liotta, Mandel & Kupfer, LLP
Liberty Hall Corporate Center
1085 Morris Avenue
PO Box 3180
Union, NJ 07083-1980

       Attorneys for Defendant/Cross Defendant Joseph Maran, Esq.

Joseph A. Venuti, Jr., Esq.
Swartz Campbell, LLC
1300 Route 73
Bloom Court - Suite 101
Mt. Laurel, NJ 08054

       Attorney for Defendants/Cross Claimants Jerome Taylor, Esq., Marc Antony Arrigo, Esq., and Steven Neil White, Esq.

Daniel M. Replogle, III, Esq.
Dubois, Sheehan, Hamilton, & Levin
511 Cooper Street
Camden, NJ 08102

 Attorney for Defendants/Cross Defendants David M. Weissman, Esq. and Michael A. Foresta, Esq.

Gerald J. Dugan, Esq.
Dugan, Brinkmann, Maginnis & Pace, Esqs.
33 South Main Street
Mullica Hill, NJ 08062

 Attorney for Defendants/Cross Defendants Gerald J. Dugan, Esq. and Mark Cajetan Cavanaugh, Esq.

Elliott Abrutyn, Esq.
Morgan, Melhuish & Abrutyn
651 W. Mt. Pleasant Avenue
Livingston, NJ 07039-1673

 Attorney for Defendant/Cross Defendant Roy K. Lisko, Esq.

**DEBEVOISE, United States Senior District Judge**

 The matter comes before the Court on Defendant Joseph Maran's ("Maran") Motion for Reconsideration, pursuant to Local Rule 7.1, of the Court's March 26, 2007 Order wherein it dismissed the May 24, 2002 Complaint of Plaintiff Charles Manley ("Manley"), *ab initio,* for lack of diversity of the parties. Maran asserts that the Court in rendering its decision did not rule on whether the non-diverse defendants could be dismissed so as to retain diversity jurisdiction with respect to Maran and the other diverse defendants.

 For the reasons below, Maran's motion for reconsideration will be denied.

**BACKGROUND**

 On May 25, 2005, the Court of Appeals dismissed Manley's appeal for lack of appellate

jurisdiction because the District Court's Rule 54(b) determinations were not proper. Further, the Court of Appeals remanded the case to this Court because "an important unresolved issue common to all Defendants undermines the District Court's express determinations. . . . Specifically, it is unclear if the District Court had subject matter jurisdiction in diversity over Manley's legal malpractice claims. . . . Because Manley's citizenship is not established, the basis for the District Court's subject matter jurisdiction is in question."

After reviewing the submissions of the parties and hearing oral argument, the Court's order of March 26, 2007 dismissed Plaintiff's Complaint, *ab initio,* for lack of subject matter jurisdiction because, although Manley, in filing his May 24, 2002 Complaint, asserted that he was a "resident of Virginia residing in the city of Chesapeake," he was not a citizen of Virginia, nor was he even residing in Virginia. The Court found that he was, in fact, a citizen of the state of Pennsylvania at the time he commenced that action. In light of the fact that, just three weeks prior to Manley's filing as a resident of Virginia, Judge Hotchberg had dismissed Manley's earlier Complaint for lack of subject matter jurisdiction in diversity because Manley and certain defendants were citizens of the state of Pennsylvania, this Court also declined to find jurisdiction.

Maran's motion seeks to have the Court reconsider its decision because the Court did not "rule on whether the non-diverse defendants could be dismissed, so as to retain diversity jurisdiction with respect to Maran and any other diverse Defendants." Maran asserts that, for the last four years, he has expended significant resources in this litigation, which ultimately was dismissed on the merits. This, he argues, compels the Court to dismiss any non-diverse defendants and enter final judgment in his favor for considerations of finality, efficiency and economy.

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001). It permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the original motion. See NL Industries, Inc. v. Commercial Union Ins., 935 F. Supp. 513, 515 (D.N.J. 1996). The standard is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).

The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See Student Public Interest Research Group of N.J., Inc. v. Monsanto Co., 727 F. Supp. 876, 878 (1989 D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citation omitted). That a legal argument was not explicitly mentioned by the court does not preclude a finding that it was not overlooked in the court's initial consideration of the matter. Eichorn v. AT&T Corp. 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (An argument is not deemed overlooked because it is not specifically addressed in a court's opinion). An argument may be regarded as having been considered if it is presented

4

to the court in written submissions and in oral argument.  Id.

Here, the Court considered the submissions of all the parties, including Maran's written submissions and oral argument that the district court should dismiss non-diverse defendants and find that it has diversity jurisdiction as to Manley, Maran, and other diverse defendants.  Maran, however, has failed to point out to the Court any argument that it has overlooked.

The Court disagrees with Manley's assertion that the Court has found by implication that the "non-diverse defendants are indispensable."  The Court made no such finding on March 26, 2007 and does not do so here by implication or otherwise.  The Court found simply that Manley was neither a citizen, nor a resident, of Virginia at the time he filed the May 24, 2002 action.  The Court specifically declined to address the issue of whether Manley's claim of residency in Virginia was an innocent mistake or an attempt to deceive the court, holding only that the Court lacks subject matter jurisdiction *ab initio*.

## **CONCLUSION**

Because Maran has failed to identify any arguments that the Court has overlooked, his motion for reconsideration will be denied.  The Court, however, will amend its opinion and order of March 26, 2007 to reflect that the issue was remanded to the District Court from the Court of Appeals and not upon motion by the Defendants.   An appropriate order follows.


/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: May 14, 2007